```
 1  LAW OFFICE OF RICHARD W. SNYDER
 2  RICHARD W. SNYDER, ESQ., State Bar # 183570
    131 N. Tustin Ave., Suite 200
 3  Tustin, CA 92780
    (714) 505-7585
 4
 5  Attorney for Movant
 6  DANIEL'S JEWELERS
```



**FILED & ENTERED**

FEB 28 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EDDIE MARIN<br><br>　　　　Debtor(s), | Case No.: 2:17-24566-RK<br><br>CHAPTER  7<br><br>ORDER DENYING MOTION FOR ORDER AUTHORIZING DEBTOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER BANKRUPTCY RULE 2004 WITHOUT PREJUDICE<br><br>~~Date:  03/23/2018~~<br>~~Time:  12:30PM~~<br>~~Place: 131 N TUSTIN AVE~~<br>~~　　　　SUITE 200~~<br>~~　　　　TUSTIN CA 92780~~ |

TO DEBTOR EDDIE MARIN, AND HIS COUNSEL OF RECORD, LAUREN M. FOLEY,

AND CREDITOR DANIEL'S JEWELERS AND ITS COUNSEL OF RECORD, RICHARD

W. SNYDER:

　　　Pending before the court is the motion of Creditor Daniel's Jewelers for an order

authorizing a Debtor examination and production of documents relating to its collateral

jewelry pursuant to Federal Rule of Bankruptcy Procedure 2004.  Richard W. Snyder, of

the Law Office of Richard W. Snyder, represents Creditor.

Creditor moving for an order for a Rule 2004 examination must comply with Local Bankruptcy Rule 2004-1(a), which requires a pre-filing attempt to confer in person or telephonically to arrange a mutually agreeable date, time, place and scope of an examination or production.  Addressing this requirement, counsel for Creditor faxed a letter to counsel for Debtor on February 23, 2018 stating that counsel for Creditor has prepared a motion for examination of Debtor on March 23, 2018 and requested counsel for Debtor to contact his office to confer telephonically to arrange a mutually agreeable date, time, place and scope of examination or production within 4 days, i.e., by February 27, 2018.  February 23, 2018 was on a Friday, the day before the weekend, and two of the four days within which counsel for Debtor was to contact counsel for Creditor fell on a weekend, Saturday February 24, 2018 and Sunday February 25, 2018, and thus, counsel for Debtor only had two business days, Monday February 26, 2018 and Tuesday February 27, 2018 to consult Debtor and respond to counsel for Debtor before counsel for Creditor filed his motion for an order authorizing the Rule 2004 examination on Tuesday February 27, 2018 at 8:44 p.m.

Under these circumstances, the court determines that this short period of time of four calendar days and only two business days for counsel for Debtor to consult her client and confer with counsel for Creditor is unreasonably short and is not a good faith attempt to confer and agree on a mutually agreeable date, time, place and scope of examination under Local Bankruptcy Rule 2004-1(a).  Accordingly, the court denies the Motion without prejudice with instructions to counsel for Creditor that the court will not approve its motion for a Rule 2004 examination unless counsel for Creditor provides at

least 7 calendar days notice (including 5 business days) for counsel for Debtor to respond to the request to confer under Local Bankruptcy Rule 2004-1(a).

**Creditor Daniel's Jewelers may not take the Rule 2004 examination of Debtor Eddie Marin at this time, and Debtor Eddie Marin is not required to appear before, and is not required to produce documents to, counsel for Creditor, Richard W. Synder, at 131 N. Tustin Ave., Suite 200, Tustin, CA 92780, on 03/23/2018 at 12:30PM.**

    IT IS SO ORDERED.

###

Date: February 28, 2018

_____
Robert Kwan
United States Bankruptcy Judge

EXHIBIT "1"

1. All of the following documents:

    (a) any documents relating to the location and/or condition of the property purchased from DANIEL'S JEWELERS; and

    (b) copies of all sales receipts and credit card receipts evidencing the purchase of items from DANIEL'S JEWELERS.